## CIRCUIT COURT OF CAROLINE COUNTY

Rippy

    v.

Rippy

In re Wayne M. Rippy, III

May 26, 1988

By JUDGE WILLIAM H. LEDBETTER, JR.

This is an appeal of orders entered on November 12, 1987, in the Caroline County Juvenile and Domestic Relations District Court.

After a full hearing on all the issues on May 18, 1988, this court made the following adjudications:

(1) Custody of the minor child of the parties is awarded to the mother, Marsha Dawn Rippy.

(2) The father, Wayne M. Rippy, Jr., is allowed visitation two evenings a month, the specific dates of such visitations to be arranged between Mr. Rippy and his son with proper notice to Mrs. Rippy. (The court explained fully its reasons for restricting the number of visits per month at the May 18th hearing, and they need not be repeated here.)

(3) The court declines to order that Mr. Rippy return certain articles of personal property to his son, for the reasons expressed at the hearing.

(4) The father is chargeable with support of his son and will be ordered to pay the sum of $300.00 per month, payable in installments of $150.00 each on the first and fifteenth day of each month beginning June 1, 1988, to be paid to the Treasurer of Virginia.

In addition, the court heard evidence and received memoranda of law regarding Mrs. Rippy's claim for child support arrearage, and that matter was taken under advisement. This opinion addresses the question of arrearage.

In order to properly analyze the issue, a brief description of the history of this litigation is necessary.

Mr. and Mrs. Rippy were divorced in Fairfax County in July of 1977. Mrs. Rippy was awarded custody of the child, and Mr. Rippy was ordered to pay $225.00 per month child support.

Thereafter, Mrs. Rippy and the child moved to Mississippi. The court heard considerable conflicting testimony, acrimonious at times, involving the circumstances of Mrs. Rippy's departure from Virginia and the father's access to his son during that period of time.

In early 1978, Mr. Rippy went to Rankin County, Mississippi, and petitioned for custody. The petition was dismissed on March 10, 1978.

Later that year, Mr. Rippy appeared in the Caroline County Juvenile and Domestic Relations District court upon his petition for custody. Mrs. Rippy was not personally served with process, she did not appear at the hearing, and there is no evidence that she had any prior knowledge of the proceeding. Nevertheless, on August 4, 1978, the Caroline County Juvenile and Domestic Relations District Court awarded custody to Mr. Rippy and terminated his child support obligation.

Mr. Rippy then returned to Mississippi and filed a petition for writ of habeas corpus. The writ was denied on December 21, 1978.

In 1980, while Mrs. Rippy was visiting in Virginia, she was arrested on warrants charging her with abduction and contempt of court. Subsequently, the contempt charge was dismissed and the abduction warrant was nolle prossed.

In about 1984, Mrs. Rippy and the child returned to Virginia and lived in the northern Virginia area. Because of the son's behavioral problems, the parties agreed in May of 1985 that he should reside with his father. The child lived with Mr. Rippy between May 1985 and November 1986.

In 1987, Mrs. Rippy petitioned the Caroline County Juvenile and Domestic Relations District Court to vacate its 1978 order awarding custody to Mr. Rippy and terminating

his obligation for child support. That court granted the relief sought and vacated its previous order. Mr. Rippy appealed. By order entered August 13, 1987, the Caroline County Circuit Court upheld the lower court decision and vacated the 1978 order.

The final chapter opened in the fall of 1987 when Mrs. Rippy, armed with her vacation order, petitioned the Caroline County Juvenile and Domestic Relations District Court for arrearage in child support. On November 12, 1987, that court awarded judgment to her in the sum of $20,010.00 for such arrearage. Mr. Rippy appealed, and the case is now before this court.

It is elementary that a judgment or decree entered against one who has no notice of the proceeding, has not been afforded an opportunity to be heard, and is not subject to the jurisdiction of the tribunal making such judgment or decree, is a nullity.

Mr. Rippy contends, in a well-researched memorandum, that the 1978 order terminating his child support obligation is not void because process was issued against Mrs. Rippy, albeit by regular mail rather than certified mail. He argues that this defect in the method of service is an "irregularity" which, at most renders the 1978 order voidable, and the effect of the 1987 order vacating the earlier order should be prospective only.

The argument overlooks two things.

First, there is no evidence that Mrs. Rippy was served with process at all. She was a resident of Mississippi and beyond the jurisdiction of the Caroline County Juvenile and Domestic Relations District Court. She had had no prior business before that court which the 1978 order could be said to modify or amend. She had no notice of the proceeding.

Second, these questions have been decided. In this court's order of August 13, 1987, vacating the 1978 order, the court specifically recited its findings that Mrs. Rippy did not submit to the jurisdiction of the Caroline County Juvenile and Domestic Relations District Court in 1978; that there is no evidence she was served with notice of the 1978 proceeding, as required by statute; and that the court could not find that she had actual notice or that she was subject to the jurisdiction of that court. In essence, Mr. Rippy invites the court to reconsider

those findings, or at least to re-evaluate the effect of such findings. The court declines to do so. Clearly, the recitation of those findings in this court's order of August 13, 1987, renders the 1978 order *void*, and it is for that reason that the court vacated the 1978 order. There can be no other reasonable interpretation of the provisions of that 1987 vacation order, even though the court did not expressly use the phrase "void ab initio."

For the same reason, this court's findings and rulings set forth in the August 13, 1987, order preclude consideration now of Mr. Rippy's argument regarding laches. In order for the court to hold that Mrs. Rippy is barred by laches from arguing the nullity of the 1978 order, this court would have to ignore the plain meaning of its August 13, 1987, order which adjudicated that issue, specifically or implicitly.

Therefore, the court holds that the 1978 order, previously vacated by this court on August 13, 1987, is a nullity, and void; and, consequently, that order being of no legal effect whatever, Mr. Rippy was under a continuing obligation to support his son in the amount of $225.00 per month from July, 1977.

Mrs. Rippy calculates the total arrearage as follows. She claims that she received no payments from August 4, 1978, through October 31, 1987. She acknowledges that the child resided with Mr. Rippy between May 20, 1985, and November, 1986, and she omits that time period from her calculations. Also, she credits Mr. Rippy with payments of $815.00. The total amount of arrearage, according to her calculations, is $20,010.00, as of November 12, 1987.

Mr. Rippy does not quarrel with Mrs. Rippy's methodology, but he does want credit for various payments which he says he made over the years for and on behalf of his son. In support of his claim for credits, Mr. Rippy presented an assortment of cancelled checks, money orders, receipts, etc., at the May 18th hearing.

Mr. Rippy's child support obligation required that he pay a sum certain to Mrs. Rippy, for the benefit of the child, according to the terms of the 1977 Fairfax County divorce decree. It is elementary that an obligor of child support will not be heard to argue that he has satisfied that obligation by payments directly to the child for haircuts, toys, or the like, or purchase of

such incidentals as a Yamaha motorcycle, airplane tickets, etc. The obligation, imposed by court order, is fixed and absolute, until modified by a court of competent jurisdiction upon valid process.

Therefore, without setting forth in detail all of Mr. Rippy's claims for credits, suffice it to observe that most of them are without merit.

Nevertheless, applying principles of fairness and equity, it is apparent that Mr. Rippy did provide some expenses directly for the support of his son during those periods other than when the son was living with him. Under the circumstances, especially in view of the fact that Mr. Rippy was armed with a court order terminating his obligation for support (though void), Mr. Rippy is entitled to consideration for those purchases of clothes, school supplies, and medical services which he has properly proven. In reviewing all of the papers offered as exhibits by Mr. Rippy, the court finds that a total provable amount of $664.00 was expended by Mr. Rippy for support of his son, in addition to those sums for which Mrs. Rippy has given him credit.

Accordingly, judgment will be entered in favor of Mrs. Rippy in the amount of $19,346.00 for child support arrearage as of November 12, 1987.

Again, considering the unusual circumstances of this case, e.g., the court proceedings in Mississippi, the 1978 court order, the lapse of time during which Mrs. Rippy made no effort to collect child support or to set aside the 1978 order, and the financial resources of the parties, the court is of the opinion that the equities favor neither party so heavily that an award of attorneys' fees is justified.